| | | |
|---|---|---|
| ABIGAIL L. WERNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 17-794 |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 6) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since January 1, 1997. (ECF No. 4-6, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on February18, 2016. (ECF No. 4-3). On May 5, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 12-22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 10). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.    Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC")[2]

I begin with Plaintiff's last argument first, as I believe it is a threshold argument. (ECF No. 7, pp. 16-18). To that end, Plaintiff argues that the ALJ gave significant weight to the opinion of Dr. Martin, but did not include all of the limitations set forth by Dr. Martin in the RFC. *Id.* Dr. Martin evaluated Plaintiff on November 22, 2013. (ECF No. 4-14, pp. 18-25). The ALJ summarized Dr. Martin's opinion as follows:

> Dr. Nickolas Martin found that the intellectual testing revealed that the claimant is "most appropriate for vocational training/employment related experiences of an elementary level of difficulty" (Exhibit 7F/8). This opinion supports the finding that the claimant is capable of performing some unskilled work. It is supported by the testing and by the claimant's progress and performance in the Work Discovery program and is therefore given significant weight.

(ECF No. 4-2, p. 19). Plaintiff submits that because the ALJ gave Dr. Martin's opinion

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations. (ECF No. 4-2, p. 17).

significant weight, she should have also included in the RFC the other function limitations noted by Dr. Martin in his opinion. (ECF No. 7, pp. 16-18). Specifically, Dr. Martin found that Plaintiff has "[s]evere deficits in reading precluding her use of reading material for the purpose of integrating vocationally related information" and "[s]evere deficits in numerical computational functioning impacting her ability to manage numerically related content." (ECF No. 4-14, p. 24). Yet, the ALJ's RFC is silent on limitations related to numerically related content and only limits Plaintiff to occupations that, *inter alia,* do not require "frequent written or verbal communication." Therefore, Plaintiff submits that the ALJ's RFC is not supported by substantial evidence. (ECF No. 7, pp. 16-18).

After a review of the record, I agree. Certainly, the ALJ is not required to accept Dr. Martin's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ failed to articulate why she gave significant weight to the opinion of Dr. Martin, but did not account for his opinion that Plaintiff was precluded from the use of reading material for integrating vocationally related information and that Plaintiff was severely limited in

4

her ability to manage numerically related content in the RFC. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ's decision is not based on substantial evidence and remand is warranted on this issue.

Plaintiff raises additional arguments: 1) Whether the ALJ erred at step 2 in determining that Plaintiff's anxiety and depressive disorder to be non-severe[3]; and 2) Whether the ALJ erred in concluding that Plaintiff's intellectual disability did not meet or medically equal Listing 12.05C. (ECF No. 7, pp. 10-16). Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time. For clarity purposes, however, I note that with regard to determining whether Plaintiff's diagnosed anxiety and depressive disorders are severe impairments, the ALJ states:

> The claimant began treating with a social worker for therapy in June 2014 (Exhibits 5F, 6F). The therapist submitted a letter indicating that the claimant initially presented with anxiety issues, mainly dealing with family and social issues. The claimant began bi-weekly therapy and declined a trial of psychiatric medication. The therapist indicates that the claimant has been consistent with therapy and that she has been able to learn to be assertive with her peers and has learned how to respond to questions and discussions without becoming tearful and upset (Exhibit 6F). The record does not show that the claimant's depression and anxiety, initially reported in May 2014, has continued. Thus, these impairments are not shown to be "severe."

(ECF No. 4-2, p. 15). I find it quite puzzling, however, that the ALJ recognizes Plaintiff's ongoing and consistent treatment for anxiety and depression ever since her diagnosis in 2014 in a report that also specifically states that Plaintiff still has difficulties with responding to any questions directly related to her and continues to be unable to function without support from

---

[3]At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe usually is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). While the ALJ in this case did not find Plaintiff's anxiety and depression to be severe, she did find her intellectual disability to be severe and continued with the analysis. (ECF No. 4-2, p. 14). In this case, however, Plaintiff argues that it is not harmless because the ALJ then found Plaintiff did not meet Listing 12.05C because her anxiety and depression were not severe impairments. Since I am remanding the case as set forth above, this issue will be reviewed again on remand.

family but then finds that Plaintiff's anxiety and depression do not meet the *de minimis* requirement for severe impairments because they have not continued. Additionally, the ALJ fails to discuss other evidence of record evidencing Plaintiff's continued anxiety and depression (such as testimony from her mother and letters from her teacher (Jocelyn Hill) and her Job Coach Mentor (Mary Petrina). *See,* ECF No. 4-11, pp. 40, 61; No. 4-3, pp. 23-43). *See, Newell v. Comm'er of SS,* 347 F.3d 541, 546-47 (3d Cir. 2003)("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have no more than a minimal effect on an individual's ability to work.'"). As a result, this issue should be revisited more clearly on remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABIGAIL L. WERNER,                          )
                                            )
            Plaintiff,                      )
                                            )
    -vs-                                    )          Civil Action No.  17-794
                                            )
                                            )
NANCY A. BERRYHILL,[4]                      )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
            Defendant.                      )

AMBROSE, Senior District Judge


**ORDER OF COURT**

THEREFORE, this 19th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 6) is granted and Defendant's Motion for Summary Judgment (ECF No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.


                                    BY THE COURT:

                                    s/  Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.